**Charles V. DUNHAM, Appellant,**

**v.**

**Paul SAUTER et al., Appellees.**

**No. 55239.**

Supreme Court of Iowa.

Sept. 19, 1972.

Rehearing Denied Nov. 9, 1972.

Donald Louden, Grinnell, for appellant.

Robert H. Helmick and Edgar H. Bittle, Des Moines, and F. W. Tomasek, Grinnell, for appellees.

HARRIS, Justice.

This appeal presents an attempt by taxpayers to bar the proposed construction of school facilities. The trial court held section 275.12(2)(c), The Code, constitutional. We affirm.

The Deep River-Millersburg Community School District was organized by the voters on October 31, 1957. It was overwhelmingly approved 588 to 36, carrying in every precinct. Two director districts were provided. The West Director District comprises the town of Deep River and the area formerly served by the old

Deep River School District. The East Director District comprises the town of Millersburg and the area served by the Millersburg School District.

The two districts are of nearly equal population. Approximate figures show there are 644 persons with 398 eligible voters in the east district. There are about 549 persons with 368 eligible voters in the west district.

The voters adopted a plan for selecting directors as contemplated under section 275.12(2)(c), The Code. It provides:

" * * * The method of election of the directors shall be one of the following optional plans:

" * * *

"c. Election of not more than one-half of the total number of school directors at large from the entire district and the remaining directors from and as residents of designated director districts into which the entire school district shall be divided. In such case, all directors shall be elected by the electors of the entire school district."

Under the plan all directors are elected at large. Two must be residents of each of the two director districts. The fifth may be a resident of either district.

I. A scheme similar to the one criticized here was held valid in Dusch v. Davis, 387 U.S. 112, 87 S.Ct. 1554, 18 L.Ed.2d 656. Therein electors of five boroughs of the city of Virginia Beach, Virginia challenged as unconstitutional the city's consolidation plan. Under the plan 11 councilmen were elected at large, but 7 were required to reside in each of the city's seven boroughs. The opinion held the "one man, one vote" rule applicable to municipal or county legislative agencies. It also held the residence requirement did not render the plan unconstitutional.

The population variance among Virginia Beach's seven boroughs was extreme. Blackwater had the lowest population 733 while the borough of Bayside had 29,048.

Relying on Fortson v. Dorsey, 379 U.S. 433, 85 S.Ct. 498, 13 L.Ed.2d 401, the court held the local residence requirement did not affect the fact the official was elected by and was to serve the interests of the entire electorate.

In approving Virginia Beach's plan the court gave one caveat. If the plan worked to minimize or cancel out the voting of racial or political elements of the voting population an opportunity would be provided to consider whether the system still passed constitutional muster. The court found no invidious discrimination in Virginia Beach's 7–4 plan.

■ A question appearing in earlier cases was answered in Hadley v. Junior College District, 397 U.S. 50, 90 S.Ct. 791, 25 L.Ed.2d 45. School district directors or trustees are elected government officials. The "one man, one vote" principle applies to their selection.

In Mandicino v. Kelly, 158 N.W.2d 754 (Iowa 1968) we had occasion to apply the rule announced in Dusch. In Mandicino we dealt with a challenge to the Woodbury County board of supervisors. We held an at-large plan for election of supervisors with required residence in director districts invalid. Invidious discrimination appeared in Mandicino for the plan we disapproved was a transparent scheme to enforce rural control of the board. Sioux City with a population of 89,159 was dominated on the board by the rest of the county, rural in nature, with a population of 18,690.

The facts presented in this appeal are far different. The entire district is essentially rural in nature. The two districts are of about equal population. The plaintiffs here represent a minority, but not a political, racial, or even a geographical minority. They do share a common interest in school matters. Their dissatisfaction clearly stems from their inability to win an election.

■ Since no invidious discrimination appears in regard to the group represented

by the plaintiffs the situation here clearly falls within the protection of the rule announced in Dusch. We hold 275.12(2)(c), The Code, is constitutional. While an unconstitutional application under the section might be imagined, none is presented here.

Affirmed.

All Justices concur.